## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING DIVISION

| | | |
|---|---|---|
| CHASITY D. ADKINS,<br>Individually and on behalf<br>of all others similarly situated | : <br> : <br> : <br> : | CASE NO. 5:22-cv-6 ____ |
| Plaintiffs, | : | JUDGE ____ Bailey |
| v. | : <br> : | |
| MT. NEBO FOODS, LLC<br>d/b/a DEE JAY'S BBQ RIBS & GRILLE | : <br> : <br> : | |
| -&- | : <br> : | |
| DEWEY J. GUIDA ENTERPRISES,<br>INC. d/b/a DEE JAY'S BBQ RIBS AND<br>GRILLE, | : <br> : <br> : <br> : | **JURY DEMANDED** |
| -&- | : <br> : | |
| DEWEY J. GUIDA | : <br> : | |
| -&- | : <br> : | |
| MICHAEL MCMULLEN | : <br> : | |
| Defendants. | : <br> : | |

ELECTRONICALLY
FILED
1/7/2022
U.S. DISTRICT COURT
Northern District of WV

---

## COLLECTIVE AND CLASS ACTION COMPLAINT

---

Plaintiff Chasity D. Adkins ("Plaintiff Adkins", "Named Plaintiff"), on behalf of herself

and all current and former non-exempt employees (hereinafter "Named Plaintiff and the Putative

Class Members") who worked for Mt. Nebo Foods, LLC *dba* Dee Jay's BBQ Ribs & Grille

("Defendant Mt. Nebo"), Dewey J. Guida Enterprises, Inc. *dba* Dee Jay's BBQ Ribs And Grille

("Defendant Guida Ent."), Dewey J. Guida ("Defendant Guida") and Michael McMullen

("Defendant McMullen") (collectively, "Defendants") at any time from approximately January 6,

2019 through the final disposition of this matter, to recover compensation, liquidated damages,

and attorneys' fees and costs pursuant to Sections 203, 207, and 216(b) of the Fair Labor Standards

Act of 1938 ("FLSA"), as amended 29 U.S.C. § 216(b). Named Plaintiff and the Putative Class

Members seek all available relief under the applicable West Virginia Minimum Wage and Maximum Hours Law; W. Va. Code §§ 21-5c-1, *et seq*., the West Virginia Payment and Collection Act, W. Va. C.S.R. 42-5-1, *et seq*., and § 21-3-10A ("West Virginia Wage Acts").

Named Plaintiff's and the Putative Class Members' FLSA claims are asserted as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), while their additional state-law claims are asserted as a class action under Fed. R. Civ. P. 23. The following allegations are based on personal knowledge as to Named Plaintiff's own conduct and are made on information and belief as to the acts of others.

## I.   INTRODUCTION

1.      Named Plaintiff and the Putative Class Members seek to recover minimum wages that Defendants jointly owe them and have failed to pay, in violation of 29 U.S.C. § 206(a) of the FLSA. Named Plaintiff and the Putative Class Members also allege that Defendants jointly violated 29 U.S.C. § 203(m) of the FLSA which only allows employers to pay less than minimum wage to employees who receive tips under very specific conditions. Defendants are not entitled to apply a tip credit toward the Named Plaintiff's and the Putative Class Members' minimum wages, as Defendants failed to (1) ensure that Named Plaintiff and the Putative Class Members retained all the tips they received and (2) establish a valid tipping pool among employees who customarily and regularly receive tips.

2.      In addition, Named Plaintiff and the Putative Class Members seek to recover minimum wages Defendants jointly owe to them and have failed to pay, in violation of the West Virginia Wage Acts.

3.      Accordingly, Plaintiff Adkins brings this action, individually and on behalf of all current and former non-exempt employees who worked for Defendants at any time from January 6, 2019 through the final disposition of this matter, to recover unpaid wages and related damages.

4.      Named Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

5.      Named Plaintiff also prays that the Collective and Class Actions are certified pursuant to Section 216(b) of the FLSA and Fed. R. Civ. P. 23.

## II.      JURISDICTION AND VENUE

6.      The jurisdiction of this Court is invoked pursuant to federal question jurisdiction under 28 U.S.C. § 1331, in that this case arises under a federal law of the United States.

7.      This Court has supplemental jurisdiction over Named Plaintiff's and the Putative Class Members' West Virginia Acts claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiff's and the Putative Class Members' claims under the FLSA that they form part of the same controversy.

8.      Venue in the Northern District of West Virginia is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the unlawful conduct described herein occurred within Hancock County, West Virginia, and Defendants' respective joint places of business reside in this district.

## III.      THE PARTIES

9.      Plaintiff Adkins is an adult resident of West Virginia residing at 118 Wall Street, Weirton, West Virginia 26062 (Hancock County). From approximately February 1, 2020 through present, Named Plaintiff has worked jointly for Defendants. Named Plaintiff worked for Defendants jointly in the State of West Virginia as Server and performed work out of its facility in Hancock County, West Virginia. Named Plaintiff attaches her Notice of Consent pursuant to Section 216 (b) of the FLSA as **Exhibit 1**.

10.     As a server, Named Plaintiff was an hourly, non-exempt joint employee of Defendants as defined in the FLSA and the West Virginia Wage Acts.

11.     During the course of her respective joint employment with Defendants, Named Plaintiff was not being fully and properly paid for all of her compensable hours worked because, respectively, Defendants did not properly calculate her regular rate of pay as a consequence of improper tip pooling, resulting in unpaid wages.

12.     The Putative Class Members are those current and former employees respectively jointly employed by Defendants as servers at any time from January 6, 2019, through the final disposition of this matter and have been subjected to the same illegal pay system under which Plaintiff Adkins worked and was paid.

13.     Defendant Mt. Nebo Foods, LLC *dba* Dee Jay's BBQ Ribs & Grille ("Defendant Mt. Nebo") is a foreign for-profit limited liability company registered in the State of Pennsylvania and is currently doing business as Dee Jay's BBQ Ribs & Grille at 380 Three Springs Dr., Weirton, West Virginia 26062 (Hancock County). Process may be served upon its registered agent and owner, Michael McMullen, at 505 Spanish Tract Road, Sewickley, Pennsylvania 15143.

14.     Defendant Dewey J. Guida Enterprises, Inc. *dba* Dee Jay's BBQ Ribs and Grille ("Defendant Guida Ent.") is a domestic for-profit corporation registered in the State of West Virginia and was doing business as Dee Jay's BBQ Ribs and Grille from—in pertinent part— January 6, 2019, until approximately October of 2021, when Defendant Guida Ent. Sold Dee Jay's BBQ Ribs and Grille to Defendant Mt. Nebo, wherein the tradename Dee Jay's BBQ Ribs & Grille was created. Process may be served upon Defendant Guida Ent.'s registered agent and president, Dewey J. Guida, at 380 Three Springs Drive, Weirton, West Virginia 26062.

15.     Defendant Dewey J. Guida ("Defendant Guida") is the president and registered agent of Defendant Guida Ent. Process may be served upon him at 380 Three Springs Drive, Weirton, West Virginia 26062.

16.     Defendant Michael McMullen ("Defendant McMullen") is the owner and registered agent of Defendant Mt. Nebo. Process may be served upon him at 505 Spanish Tract Road, Sewickley, Pennsylvania 15143.

## IV.     STATEMENT OF FACTS

17.     During all times material to this complaint, Defendants jointly acted directly or indirectly, in the interest of an employer with respect to the Named Plaintiff and the Putative Class Members.

18.     During all times material to this complaint, Defendants were respective joint "employers" within the meaning of the FLSA and the West Virginia Wage Acts.

19.     During all times material to this complaint, Defendants were respective joint enterprises engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said joint enterprises had employees engaged in commerce or in the production of goods for commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 per year (exclusive of excise taxes at the retail level).

20.     During all times material to this complaint, Named Plaintiff and the Putative Class Members have been Defendants' joint employees pursuant the West Virginia Wage Acts and have been individual employees who were engaged in commerce or in the production of goods for commerce, or were individual employees who were handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person as required by 29 U.S.C. §§ 206-207.

21.     Defendant Guida Ent. and Defendant Guida jointly employed the Named Plaintiff from approximately February 1, 2020, to approximately October of 2021 and some of the Putative

Class Members from approximately January 6, 2019, to approximately October of 2021. Approximately sometime during October of 2021, Defendant McMullen and Defendant Mt. Nebo jointly purchased the Dee Jay's BBQ Ribs and Grille tradename and business from Defendant Guida Ent. And Defendant Guida and changed the tradename from Dee Jay's BBQ Ribs and Grille to Dee Jay's BBQ Ribs & Grille.

22.     During the purchase of the business, Defendant McMullen, and Defendant Mt. Nebo jointly employed Named Plaintiff and some of the Putative Class Members and assumed the same pay practices and policies utilized by Defendant Guida Ent. and Defendant Guida during the latter's employment of Named Plaintiff and the Putative Class Members.

23.     As a matter of economic reality, Defendant Guida Ent. and Defendant Guida jointly employed Named Plaintiff and the Putative Class Members at Dee Jay's BBQ Ribs and Grille (the "Restaurant I")—located at 380 Three Springs Drive, Weirton, West Virginia 26062—from approximately January 6, 2019, to approximately October of 2021.

24.     As a matter of economic reality, Defendant Mt. Nebo and Defendant McMullen jointly employed Named Plaintiff and the Putative Class Members at Dee Jay's BBQ Ribs & Grille (the "Restaurant II")—located at 380 Three Springs Drive, Weirton, West Virginia 26062—from approximately October of 2021 up to the present.

25.     During all times material to this complaint, Defendant Guida operated Restaurant I and Defendant McMullen operated Restaurant II.

26.     During all times material to this complaint, Defendant Guida had significant operational control of all or at least significant aspects of the day-to-day operations of the Restaurant I and Defendant McMullen had significant operational control of all or at least significant aspects of the day-to-day operations of the Restaurant II.

27.     During all times material to this complaint, Defendant Guida made decisions in regard to significant aspects of the day-to-day functions, including the manner in which Named

Plaintiff and the Putative Class were paid and their job duties, of the Restaurant I and Defendant McMullen had made decisions in regard to significant aspects of the day-to-day functions, including the manner in which Named Plaintiff and the Putative Class were paid and their job duties, of the Restaurant II.

28.     During all times material to this complaint, Defendant Guida had the authority to hire and fire employees at Restaurant I, including Named Plaintiff and the Putative Class Members, and Defendant McMullen had the authority to hire and fire employees at Restaurant II, including Named Plaintiff and the Putative Class Members.

29.     During all times material to this Complaint, Defendant Guida directly supervised Named Plaintiff and the Putative Class Members and controlled their work schedules and employment conditions at Restaurant I.

30.     During all times material to this Complaint, Defendant McMullen directly supervised Named Plaintiff and the Putative Class Members and controlled their work schedules and employment conditions at Restaurant II.

31.     During all times material to this Complaint, Defendant Guida had the ability to set and determine the method and rate of Named Plaintiff's and the Putative Class Members' compensation at Restaurant I.

32.     During all times material to this Complaint, Defendant McMullen had the ability to set and determine the method and rate of Named Plaintiff's and the Putative Class Members' compensation at Restaurant II.

33.     On approximately February 1, 2020, Defendant Guida Ent. and Defendant Guida jointly hired Plaintiff Adkins to work as a server at Restaurant I.

34.     On approximately October of 2021, Defendant Mt. Nebo, and Defendant McMullen (upon the purchase of the Dee Jay's BBQ Ribs and Grille tradename and business) jointly employed Plaintiff Adkins to work as a server at Restaurant II.

35.     Defendants, regardless of whether Plaintiff Adkins was working at Restaurant I or Restaurant II, jointly employed Plaintiff Adkins as a server at their Restaurants for approximately twenty-five (25) to thirty-five (35) hours per week for the time period from approximately February 1, 2020 to the present.

36.     Upon information and belief, Defendant Guida Ent. and Defendant Guida jointly employed managers at Restaurant I, all of whom collectively also (in addition to Defendant Guida Ent. and Defendant Guida) had ultimate authority, had the authority to hire and fire employees, control, and set employees' respective work schedules, train employees, and interview potentially new employees.

37.     Upon information and belief, Defendant Mt. Nebo and Defendant McMullen jointly employed managers at Restaurant II, all of whom collectively also (in addition to Defendant Mt. Nebo and Defendant McMullen) had ultimate authority, had the authority to hire and fire employees, control, and set employees' respective work schedules, train employees, and interview potentially new employees.

38.     During all times relevant to this Complaint, Defendants' managers (regardless of whether they worked at Restaurant I or Restaurant II) shared  with Defendants significant operational control of all or at least significant aspects of the day-to-day operations of Defendants' Restaurants, including the manner in which Named Plaintiff and the Putative Class were paid and their job duties.

39.     During all times relevant to this Complaint, Defendants' managers shared  with Defendants, as exempt employees, the authority to hire and fire employees, including Named Plaintiff and the Putative Class Members.

40.     During all times relevant to this Complaint, Defendants' managers (regardless of whether they worked at Restaurant I or Restaurant II)  shared  with Defendants' control of the Named Plaintiff's and the Putative Class Members' work schedule.

41.     During all times relevant to this Complaint, Defendants' managers (regardless of whether they worked at Restaurant I or Restaurant II)  shared  with Defendants' control of Named Plaintiff's and the Putative Class Members' employment conditions.

42.     During all times relevant to this Complaint, Defendants failed to pay the Named Plaintiff and the Putative Class Members the minimum wage.

43.     At Restaurant I, Defendant Guida Ent. and Defendant Guida jointly employed the policy of requiring 3% of each server's total sales to be paid out and subsequently shared between managers, kitchen staff, and hosts/hostesses. The majority, if not all, of this pay-out was paid from the servers' own tips.

44.     At Restaurant II, Defendant Mt. Nebo and Defendant McMullen jointly employed the policy of requiring 3% of each server's total sales to be paid out and subsequently shared between managers, kitchen staff, and hosts/hostesses. The majority, if not all, of this pay-out was and continues to be paid from the servers' own tips.

45.     As the Named Plaintiff and the Putative Class Members are servers, they were and are subjected to this policy at both Restaurant I and Restaurant II.

46.     Upon information and belief, a total of approximately $4000 in tips in a respective week could be shared between employees who do not customarily and regularly receive tips as a result of these policies at Restaurant I and Restaurant II.

47.     During all times material to this Complaint, Defendant Guida Ent. and Defendant Guida jointly required the Named Plaintiff and the Putative Class Members to pay a portion of the tips they received to the management, kitchen staff, and hosts and hostesses of Restaurant I.

48.     During all times material to this Complaint, Defendant Mt. Nebo and Defendant McMullen jointly required the Named Plaintiff and the Putative Class Members to pay a portion of the tips they received to the management, kitchen staff, and hosts and hostesses of Restaurant II.

49.     During all times material to this Complaint, Defendant Guida Ent. and Defendant Guida jointly failed to pay the Named Plaintiff and the Putative Class Members the correct amount of wages resulting in the failure to pay the federal and West Virginia minimum wages.

50.     During all times material to this Complaint, Defendant Mt. Nebo and Defendant McMullen jointly failed to pay the Named Plaintiff and the Putative Class Members the correct amount of wages resulting in the failure to pay the federal and West Virginia minimum wages.

51.     Defendant Guida Ent. and Defendant Guida jointly did not satisfy the federal or West Virginia requirements for applying a tip credit to the Named Plaintiff's and the Putative Class Members' wages.

52.     Defendant Mt. Nebo and Defendant McMullen jointly did not satisfy the federal or West Virginia requirements for applying a tip credit to the named Plaintiff's and the Putative Class Members' wages.

53.     Upon information and belief, Named Plaintiff and the Putative Class Members complained to Defendant Guida and management when Defendant Guida operated Restaurant I and to Defendant McMullen and management when Defendant McMullen operated Restaurant II about the improper nature of their respective tip-pooling policies.

54.     Upon information and belief, Defendant Guida Ent. and Defendant Guida were subjected to a Department of Labor ("DOL") investigation in the past for the improper nature of their tip-pool policy.

55.     Upon information and belief, Defendant Mt. Nebo and Defendant McMullen are currently being subject to a DOL investigation for the improper nature of their tip-pool policy.

56.     Upon information and belief, during the first DOL investigation, Defendant Guida coached employees to tell the DOL investigators that managers were servers and that they worked 80% of the time bussing tables, when—in reality—they did not.

57.     The federal and West Virginia Wage Act violations that are the basis of this complaint that occurred from January 6, 2019, until approximately October of 2021 at Restaurant I continued under the new ownership at Restaurant II from approximately October of 2021 and upon information and belief continue as of the filing of this Complaint.

58.     Defendants jointly, knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wage with respect to the Named Plaintiff and the Putative Class Members in this action.

## V.     CAUSES OF ACTION

### COLLECTIVE ACTION ALLEGING FLSA VIOLATIONS

#### A. FLSA COVERAGE

59.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

60.     The FLSA Collective is defined as:

**All servers who have been employed by Dewey J. Guida Enterprises, Inc. d/b/a Dee Jay's BBQ Ribs and Grille, at any time from January 6, 2019, through the final disposition of this matter and all servers who have been employed by Mt. Nebo Foods, LLC d/b/a Dee Jay's BBQ Ribs & Grille, at any time from January 6, 2019, through the final disposition of this matter. ("FLSA Collective" or "FLSA Collective Members").**

61.     Named Plaintiff reserves the right to amend and refine the definition of the FLSA Collective class she seeks to represent based upon further investigation and discovery.

62.     At all times hereinafter mentioned, Defendant Guida Ent. and Defendant Guida have been a joint enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

63.     At all times hereinafter mentioned, Defendant Mt. Nebo and Defendant McMullen have been a joint enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C § 203(r).

64.     At all times hereinafter mentioned, Defendant Guida Ent. and Defendant Guida have been a joint enterprise engaged in commerce or in the production of goods for commerce

within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

65.     At all times hereinafter mentioned, Defendant Mt. Nebo and Defendant McMullen have been a joint enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

66.     During the respective periods of Named Plaintiff and the Putative Class Members' employment by Defendants, these individuals have provided services for Defendants that involved interstate commerce for purposes of the FLSA.

67.     In performing the operations hereinabove described, Named Plaintiff and the Putative Class Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

68.     Specifically, Named Plaintiff and the Putative Class Members are (or were) non-exempt employees of Defendants who assisted customers, wherever they were from. 29 U.S.C. § 203(j).

69.     At all times hereinafter mentioned, Named Plaintiff and the Putative Class Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-07.

70.     The proposed class of similarly situated employees, i.e. Putative Class Members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 60.

71.     The precise size and identity of the proposed FLSA Collective class should be ascertainable from the business records, tax records, and/or employee and personnel records of Defendants.

72.     Collective action treatment of Named Plaintiff's and the FLSA Collective Members' claims are appropriate because Named Plaintiff and the FLSA Collective Members have been subjected to the common joint business practices referenced in the paragraphs above, and the success of their claims depends upon the resolution of common issues of law and fact, including *inter alia*, whether Defendants jointly satisfied the FLSA's requirements for payment of the statutory minimum wages.

73.     The Named Plaintiff and the FLSA Collective Members have been similarly affected by the joint violations of Defendants in workweeks during the relevant time period, which amount to a single decision, policy, or plan to avoid paying all earned minimum wages.

74.     Named Plaintiff is similarly situated to the FLSA Collective Members and will prosecute this action vigorously on their behalf.

75.     Named Plaintiff intends to send notice to all of the FLSA Collective Members pursuant to Section 216 (b) of the FLSA. The names and addresses of the FLSA Collective Members are available from Defendants' joint records.

## RULE 23 CLASS ACTION ALLEGATIONS

76.    Named Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3) on behalf of the following putative Class ("Rule 23 Class"). The Rule 23 Class is defined as follows:

> **All servers who have been employed by Dewey J. Guida Enterprises, Inc. d/b/a Dee Jay's BBQ Ribs and Grille, at any time from January 6, 2019, through the final disposition of this matter and all servers who have been employed by Mt. Nebo Foods, LLC d/b/a Dee Jay's BBQ Ribs & Grille, at any time from January 6, 2019, through the final disposition of this matter. ("FLSA Collective" or "FLSA Collective Members").**

77.    Named Plaintiff reserves the right to amend and refine the definition of the Rule 23 Class she seeks to represent based upon further investigation and discovery.

78.    *Numerosity*: The putative Class Members from West Virginia are so numerous that joinder of all members in the case would be impracticable.

79.    *Commonality/Predominance*: There is a well-defined community of interest among Class members and common questions of *both* law and fact predominate in the action over any questions affecting individual members. These common legal and factual questions, include, but are not limited to, the following

> a.    Whether the Rule 23 Class members are owed wages in connection with the respective tip-pool arrangements employed by Defendants;
>
> b.    Whether Defendants provided proper notice of the tip-credit to Named Plaintiff and each Rule 23 Class Member;
>
> c.    Whether the respective tip-pool arrangements employed by Defendants are impermissible;
>
> d.    Whether Defendants engaged in a policy or practice of improperly applying a tip-credit to each Rule 23 Class Member;
>
> e.    Whether Defendants engaged in a policy or practice of failing to pay each Rule 23 Class member regular wages or minimum wage for each non-overtime hour worked;
>
> f.    Whether Defendants should be required to pay compensatory damages, attorneys' fees, penalties, costs, and interest for violating the state laws and wage acts

appliable      to      the      members      of      the      Rule      23      Class;

g.   Whether Defendants' alleged unlawful tip policies were instituted willfully or with reckless disregard of the law.

80.   *Typicality*: Named Plaintiff's claims are typical of claims of the Rule 23 class she seeks to represent in that Named Plaintiff and all other members suffered damages as a direct and proximate result of Defendants' common and systemic payroll policies and practices. Named Plaintiff's claims arise from Defendants' similar policies, practices, and course of conduct as all other Class members' claims and Named Plaintiff's legal theories are based on the same or similar facts.

81.   *Adequacy*: Named Plaintiff will fully and adequately protect the interests of the Rule 23 Class and have retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Named Plaintiff nor her counsel have interests that are contrary to, or conflicting with, the interests of the Rule 23 Class.

82.   *Superiority*: A class action is superior to other available methods for the fair and efficient adjudication of the controversy, because, *inter alia*, it is economically feasible for the Rule 23 Class members to prosecute individual actions of their own given the relatively small amount of damages at stake for each individual along with the fear of reprisal by their employer.

83.   This case will be manageable as a Rule 23 Class action. Named Plaintiff and her counsel know of no unusual difficulties in this case and Defendants all have networked computer and payroll systems that will allow the class, wage, and damages issues in this case to be resolved with relative ease.

84.   Because the elements the Rule 23(b)(3) are satisfied in this case, class certification is appropriate. *Shady Grove Orthopedic Assoc., P.A. v. Allstate Ins. Co.*, 559 U.S. 393; 130 S. Ct. 1431, 1437 (2010) ("[b]y its terms [Rule 23] creates a categorial rule entitling a plaintiff whose suit meets the specified criteria to pursue his claim as a class action").

## COUNT I
## FAIR LABOR STANDARDS ACT ("FLSA")
### MINIMUM WAGE

85.     Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

86.     During the time period from approximately January 6, 2019, to approximately October of 2021, Defendant Guida Ent. and Defendant Guida ("Restaurant I Joint Employers") were the joint employers of the Named Plaintiff and the FLSA Collective Class within the meaning of 29 U.S.C. § 203(d).

87.     During the time period from approximately October of 2021 to the present, Defendant Mt. Nebo and Defendant McMullen ("Restaurant II Joint Employers") were and are the joint employer of the Named Plaintiff and the FLSA Collective Class within the meaning of 29 U.S.C. § 203(d).

88.     During the time period from approximately January 6, 2019, to the present, Named Plaintiff and the FLSA Collective Class were jointly employed by either the Restaurant I Joint Employers or the Restaurant II Joint Employers within the meaning of 29 U.S.C. § 203(e)(1).

89.     During the time period from approximately January 6, 2019, to the present, Defendants respectively jointly employed the Named Plaintiff and the FLSA Collective Class within the meaning of 29 U.S.C. § 203(g).

90.     During the time period from approximately January 6, 2019, to the present, Defendants were respective joint employers subject to the FLSA.

91.     During all times material to this Complaint, Named Plaintiff and the FLSA Collective Class have not been exempt from receiving overtime benefits under the FLSA because, *inter alia*, they were not "executive," "administrative," or "professional" employees, as those terms are defined under the FLSA.  *See* 29 C.F.R. §§ 541.0, *et seq.*

92.     During the time period from approximately January 6, 2019, to the present, Defendants respectively violated the provisions of 29 U.S.C. § 203(m) and § 206 by employing the Named Plaintiff and the FLSA Collective Class by failing to comply with the "tip credit" provisions of section 203(m) through its inclusion of managers and other employees who do not customarily and regularly receive tips within the tip-pool.

93.     During the time that the Named Plaintiff and the FLSA Collective Class have jointly worked for the Restaurant I Joint Employers and the Restaurant II Joint Employers, the Restaurant I Joint Employers jointly failed to pay the Named Plaintiff and the FLSA Collective Class the minimum wage for all hours they worked in violation of 29 U.S.C. §§ 206(a) & 207(a) and the Restaurant II Joint Employers jointly failed to pay the Named Plaintiff and the FLSA Collective Class the minimum wage for all hours they worked in violation of 29 U.S.C. §§ 206(a) & 207(a).

94.     The FLSA allows employers to take a "tip credit" to use towards satisfying their obligation of paying tipped employees the federally required minimum wage. 29 U.S.C. § 203(m).

95.     In order to utilize the tip credit, employers must comply with the requirements set forth in Section 3(m) of the FLSA, 29 U.S.C. § 203(m).

96.     The FLSA requires that the tip credit be available only for the time an employee is engaged in performing tipped duties. *See*, *e.g.*, 29 C.F.R. § 531.59(b).

97.     In addition, an employer may avail itself of the tip credit, if and only if, it satisfies two requirements: 1) The employer must inform its employees that it will take a tip credit; and 2) tipped employees must retain all the tips they receive, except those tips included in a tipping pool among employees who customarily and regularly receive tips. 29 U.S.C. § 203(m).

98.     During all times material to this Complaint, the Restaurant I Joint Employers jointly failed to comply with the notice requirement for taking a tip credit as mandated by Section 203(m)

of the FLSA and the Restaurant II Joint Employers jointly failed to comply with the notice requirement for taking a tip credit as mandated by Section 203(m) of the FLSA.

99.    Section 203(m) of the FLSA expressly prohibits employers, managers, and supervisors from keeping any portion of the tips received by employees for any purpose, the "tip-sharing prohibition".

100.    During all times material to this Complaint, the Restaurant I Joint Employers jointly violated Section 203(m) of the FLSA's tip-sharing prohibition by jointly permitting its employers, managers, supervisors, and other employees who do not customarily and regularly receive tips to keep some or all or all of the Named Plaintiff's and the FLSA Collective Class' tips.

101.    During all times material to this Complaint, the Restaurant II Joint Employers jointly violated Section 203(m) of the FLSA's tip-sharing prohibition by jointly permitting its employers, managers, supervisors, and other employees who do not customarily and regularly receive tips to keep some or all or all of the Named Plaintiff's and the FLSA Collective Class' tips.

102.    During the time that the Named Plaintiff and the FLSA Collective Class worked jointly for the Restaurant I Joint Employers, the Restaurant I Joint Employers were not entitled to apply a tip credit to the Named Plaintiff's and the FLSA Collective Class' wages, because they (1) jointly maintained and operated an illegal tip pool and/or (2) jointly did not permit the Named Plaintiff and the FLSA Collective Class to retain all the tips they earned.

103.    During the time that the Named Plaintiff and the FLSA Collective Class worked jointly for the Restaurant II Joint Employers, the Restaurant II Joint Employers were not entitled to apply a tip credit to the Named Plaintiff's and the FLSA Collective Class' wages, because they (1) jointly maintained and operated an illegal tip pool and/or (2) jointly did not permit the Named Plaintiff and the FLSA Collective Class to retain all the tips they earned.

104.    The Restaurant I Joint Employers' joint failure to pay the Named Plaintiff and the FLSA Collective Class the lawful federal minimum wage rates while they were employees was

not based on good faith or reasonable grounds, or a belief that such failure was not in violation of the FLSA, the Named Plaintiff and the FLSA Collective Class are therefore entitled to liquidated damages in an amount equal to the wages which they have not been paid.

105.    The Restaurant II Joint Employers' joint failure to pay the Named Plaintiff and the FLSA Collective Class the lawful federal minimum wage rates while they were employees was not based on good faith or reasonable grounds, or a belief that such failure was not in violation of the FLSA, the Named Plaintiff and the FLSA Collective Class are therefore entitled to liquidated damages in an amount equal to the wages which they have not been paid.

106.    Because the Restaurant I Joint Employers' joint failure to pay such federal minimum wages was willful the Named Plaintiff and the FLSA Collective Class are entitled to these wages dating back three (3) years from the filing of this complaint and payment of reasonable attorney's fees and costs.

107.    Because the Restaurant II Joint Employers' joint failure to pay such federal minimum wages was willful the Named Plaintiff and the FLSA Collective Class are entitled to these wages dating back three (3) years from the filing of this complaint and payment of reasonable attorney's fees and costs.

<u>**COUNT II**</u>
<u>**RULE 23 CLASS ACTION**</u>
<u>**VIOLATIONS OF THE WEST VIRGINIA MINIMUM WAGE AND MAXIMUM HOURS LAWS, W. VA. CODE, §§ 21-5C-1, *et seq*., THE WEST VIRGINIA WAGE PAYMENT AND COLLECTION ACT, W. Va. C.S.R. 42-5-1, *et seq*., AND §§ W. VA. CODE § 21-3-10A ("WEST VIRGINIA WAGE ACTS")**</u>

108.    Named Plaintiff re-alleges, and incorporates by reference, the allegations set forth in the preceding paragraphs.

109.    The West Virginia Minimum Wage and Maximum Hours Law; W. Va. Code §§ 21-5c-1, *et seq*. requires employers to pay their employees minimum wages and time-and-a-half

their regular rate of pay for hours worked in excess of forty (40) per week. *See* W. Va. Code §§ 21-5C-2, 21-5C-3.

110.    W. Va. Code § 21-5C-8 provides that an employee who is not paid in accordance with the West Virginia Minimum Wage and Maximum Hours Law may bring a civil action to recover all unpaid amounts, plus costs and reasonable attorneys' fees.

111.    The West Virginia Wage Payment and Collection Act, W. Va. Code §§ 21-5-1, *et seq.* provides that every employer "shall settle with its employees at least twice every month and with no more than nineteen days between settlements, unless otherwise provided by special agreement, and pay them the wages due, less authorized deductions and authorized wage assignments, for their work or services." W. Va. Code § 21-5-3(a).

112.    Under W. Va. Code § 21-5-12, an employee aggrieved by an employer's violation of the West Virginia Payment and Collection Act may bring a civil action to recover all unpaid amounts, plus costs and reasonable attorneys' fees.

113.    At all times relevant to the action, Defendants were employers covered by the overtime and wage mandates of the West Virginia Wage Acts, and the Rule 23 Class are employees entitled to the West Virginia Wage Acts' protections. *See* W. Va. Code § 21-5-1, § 21-5c-1.

114.    The West Virginia Act entitles employees to compensation for every hour worked in a workweek. *Id.*

115.    Defendants violated the West Virginia Wage Acts by regularly and repeatedly failing to compensate the Rule 23 Class for the time spent on the work activities described in this Complaint.

116.    Defendants' respective uniform policies and practices, as described above, was/is willful, intentional, unreasonable, arbitrary, and in bad faith.

117.    As a result, the Rule 23 Class has and will continue to suffer loss of income and other damages. Accordingly, the Rule 23 Class is entitled to recover unpaid wages owed, plus

costs and attorneys' fees, and other appropriate relief under the West Virginia Wage Acts at an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Adkins prays that this Court enter the following relief:

A.      For an Order certifying the FLSA Collective as defined in Paragraph 60 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members.

B.      For an Order certifying that this action may proceed as a class action under Fed. R. Civ. P. 23(b)(3).

C.      For an Order certifying the Rule 23 Class as defined in Paragraph 76 and requiring Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative class members.

D.      Designating Named Plaintiff as representative for the Class and designating Named Plaintiff's counsel as counsel for the Class.

E.      Issuing proper notice to the class at Defendants' expense.

F.      Expectation and damages for all missed payments taken from or applied to Named Plaintiff and the Putative Class Members pay.

G.      An order awarding Named Plaintiff and the Putative Class Members back pay equal to the amount of all tips taken from Named Plaintiff's tips earned for three (3) years preceding the filing of this complaint to the present, plus an additional equal amount in liquidated damages.

H.      Granting judgment in favor of Named Plaintiff and against Defendants and awarding Plaintiff and the Rule 23 Class the full amount of damages and liquidated damages available by law.

I.      Awarding pre- and post-judgment interest to Named Plaintiff and the Putative Class Members on these damages.

J.      An order enjoining Defendant from retaliating, via discrimination, against Named

Plaintiff and the Putative Class Members for engaging in the protected action of complaining about

pay practices.

K.      An order awarding attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

L.      Any other relief to which the Named Plaintiff may be entitled.

Dated: January 6, 2022                                Respectfully Submitted,


**BRIAN G. MILLER CO., L.P.A.**

/s/ Adam L. Slone
Adam L. Slone (WVSB No. 12903)
250 W. Old Wilson Bridge Rd., Suite 270
Worthington, Ohio 43085
Phone: (614) 221-4035
Facsimile: (614) 987-7841
als@bgmillerlaw.com


**BARKAN MEIZLISH DEROSE COX, LLP**

/s/Robert E. DeRose
Robert E. DeRose (OH Bar No. 0055214)
*Pro Hoc Vice Anticipated*
4200 Regent Street, Suite 210
Columbus, OH 43219
Phone: (614) 221-4221
Facsimile: (614) 744-2300
bderose@barkanmeizlish.com

*Counsel for Plaintiff*


## <u>JURY DEMAND</u>

Named Plaintiff requests a trial by jury on all of her claims.

*/s/ Adam L. Slone*