## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
## WHEELING DIVISION

| | | |
|---|---|---|
| CHASITY D. ADKINS, *et al.*, on behalf of herself and all others similarly situated, | : | |
| | : | |
| | : | Case No. 5:22-cv-00006-JPB |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | Judge John P. Bailey |
| MT. NEBO FOODS, LLC d/b/a DEE JAY'S BBQ RIBS & GRILLE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

███████████ ORDER APPROVING SETTLEMENT AND ENTRY OF DISMISSAL

**AND NOW**, this **15th** day of **Dec.**, 2022, upon consideration of the Parties' Joint Motion to Approve Settlement (the "Motion"), *see* ECF No. 63, the accompanying "Settlement Agreement," *see* ECF No. 63-1, the accompanying Declaration of Robert DeRose, *see* ECF No. 63-3, the accompanying Declaration of Adam Slone, *see* ECF No. 63-4, and all other papers and proceedings herein, it is hereby **ORDERED** that the settlement reached between Plaintiff Chasity Adkins and the opt-in Plaintiffs (collectively, "Plaintiffs") and Defendant Dewey J. Guida Enterprises, Inc., Defendant Dewey J. Guida, Defendant Mt. Nebo Foods, LLC, Defendant Michael McMullen, and Defendant James A. Irvine (collectively, "Defendants"), which includes claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, West Virginia Minimum Wage and Maximum Hours Laws, W. Va. Code 21-5C-1, *et seq.*, the West Virginia Wage Payment and Collection Act, W. Va. C.S.R. 42-5-1, and W. Va. Code 21-3-10A, is **APPROVED**.

This Court generally reviews FLSA settlements to ensure that the settlement "is a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982); *see Hackett v.*

*ADF Rest. Invs.*, 259 F. Supp. 3d 360, 365 (D. Md. 2016) ("In reviewing FLSA settlements for approval, district courts in [the Fourth Circuit] typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*.") (internal quotation marks omitted); *Patel v. Barot*, 15 F. Supp. 3d 648, 654 (E.D. Va. 2014). Here, the Court finds that each of these requirements is satisfied.

Courts reviewing FLSA settlements must ensure that the attorney's fees and expenses sought to be recovered by plaintiffs' counsel are reasonable. Here, the settlement provides Collective Counsel Payment of up to $233,577.49. After reducing this amount by $7,985.53 in expenses, Collective Counsel were left with $225,591.96 in attorneys' fees, which is higher than $221,666.67, the contracted thirty-three percent (33.3%) of the $665,000 settlement. Collective Counsel, in their motion, accordingly, reduced their attorney fee request to $221,666.67 which is thirty-three percent (33.3%) of the $665,000.00 settlement. Thus, a $221,666.67 fee and $7,985.53 expenses payment is reasonable within this Circuit. *See Kirby v. Caudill Ventures, LLC*, No. 7:19-cv-00170-D (D.S.C. Aug. 28, 2020) (ECF No. 24) (approving attorney's fees against pizza delivery company alleging minimum wage violations resulting from under-reimbursement vehicle costs); *Prince v. Perfect Delivery, Inc.*, No. 8:17-c-10950-AMQ (D.S.C. July 23, 2018) (ECF No. 62, at PAGEID 10-11) (same); *Hackett, et al., v. ADF Rest. Invs.*, 259 F. Supp. 3d 360, 368-69 (D. Md. 2016) (awarding $232,000 or 1/3 of settlement fund as attorneys' fees). The remaining $3,925.29 of the Collective Counsel Payment will be added to the Net Settlement Fund pursuant to Section III, 2.(d). of the Settlement Agreement and increase the distribution for the Collective Class Members.

The Court hereby adopts the agreement of the parties that the current tip pool policies and practices in effect at Dee Jay's as of January 24, 2022, are valid and fully compliant with the FLSA.

Accordingly, the settlement is **APPROVED** and the claims asserted in this action against Defendants are **DISMISSED WITH PREJUDICE**, although the Court will retain jurisdiction

over Defendants and Plaintiffs concerning any disputes pertaining to the enforcement of the settlement.

IT IS SO ORDERED.

JUDGE JOHN P. BAILEY